**PRIORITY SEND**

O

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 11-00013 VAP (OPx)                              Date:  February 22, 2011

Title:     WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA FKA WACHOVIA MORTGAGE FSB FKA WORLD SAVINGS BANK FSB -v- SORAYA GARCIA, RAUL SALDANA, AND DOES 1 - 100, INCLUSIVE

================================================================

PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

     Marva Dillard                                              None Present
     Courtroom Deputy                                        Court Reporter

ATTORNEYS PRESENT FOR                      ATTORNEYS PRESENT FOR
PLAINTIFFS:                                           DEFENDANTS:

     None                                                          None

PROCEEDINGS:      MINUTE ORDER REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO (IN CHAMBERS)

     On November 3, 2010, Plaintiff Wells Fargo Bank, NA successor by merger to Wells Fargo Bank Southwest, NA f.k.a. Wachovia Mortgage FSB f.k.a. World Savings Bank, FSP ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants Soraya Garcia and Raul Saldana ("Defendants") in the Superior Court of California, County of San Bernardino.  (Not. of Removal at 7.)  On January 3, 2011 Defendants removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.  (<u>See</u> Not. of Removal at 2-3.)

**EDCV 11-00013 VAP (OPx)**
**WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA FKA WACHOVIA MORTGAGE FSB FKA WORLD SAVINGS BANK FSB v. SORAYA GARCIA, RAUL SALDANA, AND DOES 1 - 100, INCLUSIVE**
**MINUTE ORDER of February 22, 2011**

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendants allege one basis for removal is federal question jurisdiction, 28 U.S.C. § 1331, because the claims "arise under" of federal law.  (See Not. of Removal at 2.)  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Accordingly, Defendants have not shown the Court's jurisdiction based on federal question under 28 U.S.C. § 1331.

Defendants also claim removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 3.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendants do not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction.  See 28 U.S.C. § 1332.

**EDCV 11-00013 VAP (OPx)**
**WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA FKA WACHOVIA MORTGAGE FSB FKA WORLD SAVINGS BANK FSB v. SORAYA GARCIA, RAUL SALDANA, AND DOES 1 - 100, INCLUSIVE**
**MINUTE ORDER of February 22, 2011**

Defendants have not met their burden of establishing that the case is properly in federal court. <u>Gaus</u>, 980 F.2d at 566. Accordingly, the Court REMANDS the action to the Superior Court of California for the County of San Bernardino.

**IT IS SO ORDERED.**